Michael J. McCue (NBN 6055)
MMcCue@LRRLaw.com
Jonathan W. Fountain (NBN 10351)
JFountain@LRRLaw.com
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, #600
Las Vegas, NV 89169-5996
Telephone: 702-949-8200
Facsimile: 702-949-8398

Robert A. Rowan (*pro hac vice*)
rar@nixonvan.com
Alan Kagen (*pro hac vice*)
amk@nixonvan.com
Michael Crawford (*pro hac vice*)
mec@nixonvan.com
NIXON & VANDERHYE P.C.
901 North Glebe Rd.
Arlington, Virginia 22203
Telephone: 703-816-4000
Facsimile: 703-816-4100
*Attorneys for Plaintiffs/Counterclaim Defendants*
ROLLSROLLER ENTERPRISE INC. *and* ROLLSROLLER AB

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Michael D. Rounds
Nevada Bar No. 4734
Steven A. Caloiaro
Nevada Bar No. 12344
5371 Kietzke Lane
Reno, NV 89511
Telephone: (775) 324-4100
Facsimile: (775) 333-8171
Email: mrounds@bhfs.com
Email: scaloiaro@bhfs.com
Attorneys for CWT WORKTOOLS AB

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROLLSROLLER ENTERPRISE, INC., and ROLLSROLLER AB<br><br>　　　　　Plaintiffs<br>　v.<br><br>CWT WORKTOOLS AB<br>　　　　　Defendant | Case No. 2:14-cv-01921-JCM-CWH<br><br>**AGREED PROTECTIVE ORDER** |

1

WHEREAS, the parties to the above-captioned litigation believe that they will or may be required to disclose to the others trade secrets, technical know-how, or other confidential or proprietary research, development, or commercial and financial information relating to the subject matter of this litigation, and that unauthorized or improper disclosure of such information would be harmful to the parties;

WHEREAS, the parties desire to limit the extent of disclosures and use of such confidential or proprietary information, and to protect such information from unauthorized use and/or further disclosure;

IT IS STIPULATED that under FED.R.CIV.P. 26(c), the terms of this Agreed Protective Order shall apply to, and shall govern, all documents, information, things, source code, discovery responses, testimony, and exhibits provided by a party or a non-party to this action ("the Producing Party") to another party to this action ("the Receiving Party") as set forth below:

1. **Identification of confidential materials**

   A.   As used herein, the term "CONFIDENTIAL INFORMATION" includes: (i) confidential, proprietary, or commercially sensitive information; and (ii) any information which is not generally known and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence.

   B.   As used herein, the term "HIGHLY CONFIDENTIAL INFORMATION" includes: (i) highly sensitive design, development, technical, or manufacturing information; (ii) trade secrets; (iii) highly sensitive business planning, strategy, marketing, financial, pricing, customer, or sales information; (iv) information deemed by this Court as confidential; or (iv) any confidential, proprietary, or commercially sensitive information that the Producing Party in good faith believes will result in significant risk of competitive disadvantage or harm if disclosed to another party without restriction upon use or further disclosure, or that affords the Producing Party an actual or potential economic advantage over others.

   C.   As used herein, the term "SOURCE CODE - HIGHLY CONFIDENTIAL INFORMATION" includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material").

2. **Designation of confidential information**

    A.    The designation of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or SOURCE CODE - HIGHLY CONFIDENTIAL INFORMATION whether by a party or a non-party, shall be made by placing on the information, document, or tangible item the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "SOURCE CODE – HIGHLY CONFIDENTIAL" as appropriate under the terms of Section 1. No party or non-party shall indiscriminately or unreasonably stamp or maintain documents as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or SOURCE CODE – HIGHLY CONFIDENTIAL.

    B.    The designation of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or SOURCE CODE – HIGHLY CONFIDENTIAL INFORMATION shall be made prior to, or contemporaneously with, the production or disclosure of the information, document, or tangible item.  Except as provided in Section 3, in the case of an inspection on premises of documents or things, all documents and things produced for inspection shall be provisionally designated as HIGHLY CONFIDENTIAL INFORMATION, then marked appropriately when copied and physically produced.  In the case of depositions, the party or non-party shall advise all parties in writing of the specific pages of the deposition that shall be designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or SOURCE CODE – HIGHLY CONFIDENTIAL within 14 days after receipt of the deposition transcript by its counsel (during which period such information shall be considered HIGHLY CONFIDENTIAL INFORMATION, of, if Source Code Material is used or referenced during the deposition, SOURCE CODE-HIGHLY CONFIDENTIAL INFORMATION).

    C.    The restrictions and obligations set forth in this Agreed Protective Order pertaining to use and disclosure of confidential information shall not apply to information which is public knowledge or has become public knowledge other than as a result of disclosure in violation of this Agreed Protective Order.

3. **Treatment of source code material**

A. Access to a party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) located at the office of the Producing Party's outside counsel. No recordable media or recordable devices shall be permitted into the area containing the stand-alone computer(s), including, without limitation, sound recorders, peripheral equipment, cameras, CDs, DVDs, or drives of any kind. No computers, recordable media, or recordable devices may be connected to such stand-alone computer(s) or otherwise used to copy or record Source Code Material for such stand-alone computer(s). No means capable of connecting computers, recordable media, or recordable devices to the stand-alone computer(s) shall be permitted into the area and no computers may be used to duplicate or re-write any portions of the Source Code Material.

B. Three business days notice is required for viewing source code on the stand-alone computer. The Receiving Party shall make reasonable efforts to restrict its request for such access to the stand-alone computer(s) to normal business hours, which for purposes of this Section shall be 9:00 a.m. through 5:00 p.m. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours or on less than three days notice.

C. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

D. A person authorized to review the Source Code Material pursuant to Section 4.C may take notes of his/her thoughts and impressions during any inspection of the Source Code Material. Any notes concerning such Source Code Material shall not be used to circumvent the restrictions herein against making copies of the Source Code Material. Authorized persons viewing the notes shall do so in a manner consistent with the restrictions on material designated SOURCE CODE-HIGHLY CONFIDENTIAL INFORMATION.

E. At the request of the Receiving Party, the Producing Party shall, to the extent it does not object to the production, within seven (7) calendar days provide one hard copy print out of the specific lines of the Source Code Material that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused product. If the Producing Party objects to the relevance of any or all of the requested Source Code Material, the Producing Party shall make such objection known to the Receiving Party before the end of the seven (7) calendar day period. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party may apply to the Court for relief.

F. Hard copy print outs of Source Code Material provided by the Producing Party pursuant to Section 3.E shall be clearly labeled SOURCE CODE-HIGHLY CONFIDENTIAL, and, except as provided in Section 3.I, shall be maintained by the Receiving Party's outside counsel of record in a secured locked area. No further hard copies of such Source Code Material shall be made and the Source Code Material shall not be transferred into any electronic format or onto any electronic media except that the Receiving Party is permitted (i) to make up to two (2) additional hard copies for use at a deposition, (ii) to make up to two (2) additional hard copies for the Court in connection with a Court filing, hearing, or trial, and of only the specific pages directly relevant to and necessary for deciding the issue for which the portions of the Source Code Material are being filed or offered, (iii) to make up to (3) three additional hard copies of the Source Code Material for use by Experts authorized under Section 4.C.

G. At the conclusion of any deposition in which Source Code Material was used or referenced, the Producing Party shall collect each copy of the Source Code Material and will retain the original of any such exhibit, which shall not be appended to the transcript of the deposition. Portions of the deposition transcript referring or referencing the Source Code Material shall be designated SOURCE CODE-HIGHLY CONFIDENTIAL INFORMATION.

H. To the extent portions of Source Code Material are quoted in a Court filing, hearing, or trial, either (1) the entire document will be stamped and treated as SOURCE CODE-HIGHLY CONFIDENTIAL INFORMATION, or (2) those pages containing quoted Source Code

Material will be separately stamped and treated as SOURCE CODE-HIGHLY CONFIDENTIAL INFORMATION.

      I.      Hard copies of material designated as SOURCE CODE-HIGHLY CONFIDENTIAL INFORMATION shall be stored and viewed only at (i) the offices of the Receiving Party's outside counsel of record, (ii) the offices of an Expert authorized under Section 4.C, provided that the Source Code Material is maintained in a secure, locked container when not in active use and the address of such offices are provided to the Producing Party, (iii) the site where any deposition relating to the Source Code Material is taken, (4) the Court, or (5) any secure intermediate location reasonably necessary to transport the information to any of the aforementioned locations.  Such hard copies shall only be transported via hand carry, Federal Express, or other similarly reliable courier.  The parties agree to meet in good faith to resolve any disputes if there is an objection to specific Source Code Material being available at such locations, and the Producing Party may move the Court to prevent such access.

      J.      Outside counsel of record for the Receiving Party with custody of SOURCE CODE-HIGHLY CONFIDENTIAL INFORMATION shall maintain a log containing the following information: (i) the identity and title of each person granted access to the SOURCE CODE-HIGHLY CONFIDENTIAL INFORMATION, and (ii) for each person granted access, the dates when such access was granted.  The Producing Party shall be entitled to a copy of the log upon five (5) calendar days advance notice to the Receiving Party.

      K.      The Receiving Party and its outside counsel shall be responsible for any misuse or unauthorized disclosure of the Producing Party's SOURCE CODE-HIGHLY CONFIDENTIAL INFORMATION to the extent any insufficient security measures of the Receiving Party or its outside counsel of record lead to such misuse or unauthorized disclosure.

      L.      Nothing in this Agreed Protective Order shall be construed to limit how a Producing Party may maintain its Source Code Material.

4.      **Disclosure of confidential information**

      A.      CONFIDENTIAL INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than:

      i.      Outside counsel of record for a party and employees of such counsel who have direct functional responsibility for the preparation and trial of the lawsuit;

      ii.      Employees of a party, including in-house counsel, required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed and who have executed a declaration in the form attached hereto as Exhibit A;

      iii.      The Court, its personnel, jurors and alternate jurors, and court reporters, stenographers and videographers transcribing or recording testimony at depositions, hearings or trial in this action;

      iv.      Photocopy, document imaging, and database service providers and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

      v.      Graphics, translation, design, and/or trial consulting service providers, including mock jurors who have agreed to be bound to the terms of this Agreed Protective Order per the declaration attached hereto as Exhibit A, retained by a party, provided that such persons are screened to ensure that no such person is a regular employee or agent of the Receiving Party or a regular employee or agent of a direct competitor of the designating party; and

      vi.      Independent consultants, investigators, or experts (hereinafter referred to collectively as "Experts") who are expressly retained by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit.  A party who retains an Expert must notify all other parties in writing of the name of the person(s) to whom disclosure is to be made, providing at that time an executed declaration in the form attached hereto as Exhibit A, together with a current copy of the curriculum vitae of the Expert(s) to whom such disclosure is to be made.  No designated information shall be disclosed to any expert until at least five (5) business days have lapsed following the notice of the expected disclosure to the proposed expert.  If a party makes a written objection to the proposed Expert within the five day period, no disclosure of designated information may be made to

   the proposed Expert pending a negotiated, written resolution of the objection or an appropriate, further order of the Court.

  B. HIGHLY CONFIDENTIAL INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than the persons or entities identified in Section 4.A.(i) and (iii) through (vi).

  C. SOURCE CODE-HIGHLY CONFIDENTIAL INFORMATION shall not be made available, nor the contents thereof disclosed, to persons other than (i) outside counsel of record for the Receiving Party, (ii) up to three (3) Experts retained by the Receiving Party for the purposes of this litigation and approved to access confidential information pursuant to Section 4(A)(vi), and (iii) the persons identified in Section 4(A)(iii).

  D. Nothing herein shall prohibit the disclosure of confidential information at a deposition, hearing, or trial in this case to (i) representatives of the Producing Party or (ii) a person who is identified on the face of the document that is designated confidential or in an accompanying transmittal as having authored or previously received a copy of the document that is designated confidential.

5. **Use of confidential information**

  All information, documents, things, etc. designated or reflecting CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or SOURCE CODE – HIGHLY CONFIDENTIAL INFORMATION shall be used solely for the purposes of preparation, trial and appeal of this Action, and for no other purpose, absent further order of the Court.

6. **Confidential information filed with court**

  Pursuant to L.R.Civ.R. 10(5), The parties will comply with the Administrative Procedures of the Court governing the physical requirements related to filing documents under seal (*i.e.*, format of electronic media, physical versus electronic filing, *etc*.). A party submitting a document or portion of a document for filing under seal under a governing statute, rule, or order must note on the face of the document that it or a portion of it is filed under seal under that statute, rule, or order (specifying the statute(s), rule(s) or order(s) relied upon). Any document

not covered by such a statute, rule or order and filed with the intention of being sealed must be accompanied by a motion to seal.  The document and any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.  Any filing unaccompanied by a motion to seal will be treated as a public record.  Any motion to seal will be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order will include:

  A. A non-confidential description of what is to be sealed;

  B. A statement of why sealing is necessary, and why another procedure will not suffice;

  C. References to governing case law; and

  D. Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

  E. The proposed order will recite the findings required by governing case law to support the proposed sealing.  Any confidential memoranda will be treated as sealed pending the outcome of the ruling on the motion.

**7.**   **Challenging Designation of Confidentiality**

Upon motion, any party may bring before the Court the question of whether any particular information is properly designated CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or SOURCE CODE – HIGHLY CONFIDENTIAL INFORMATION.  The party asserting confidentiality shall have the burden of establishing its confidentiality and entitlement to protection.

8.   **Failure to Designate Confidential Information**

Failure of a party or non-party to designate or mark any document, thing, or testimony as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or SOURCE CODE – HIGHLY CONFIDENTIAL INFORMATION as provided above shall not preclude the Producing Party from thereafter in good faith making such a designation and requesting the

1  Receiving Party to so mark and treat such documents and things so designated.  The Receiving
2  Party, however, shall incur no liability for disclosures made prior to notice of such designations.
3  9.    **Objection to Production of Documents**
4      The fact that material may be deemed  CONFIDENTIAL INFORMATION, HIGHLY
5  CONFIDENTIAL INFORMATION, or SOURCE CODE – HIGHLY CONFIDENTIAL
6  INFORMATION pursuant to this Agreed Protective Order does not prevent the Producing Party
7  from interposing any objection to its production, other than the fact that the material contains
8  confidential information.  That is, a party may still object on the basis of privilege, relevance,
9  work product or any other recognized ground for objection.
10 10.   **Non-party subpoenas requesting confidential information**
11     If a non-party to this action subpoenas or requests information designated
12 CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or SOURCE
13 CODE – HIGHLY CONFIDENTIAL INFORMATION under this Order, the Receiving Party
14 shall not produce such information before providing written notice of the subpoena or request to
15 the Producing Party and the Producing Party has had an opportunity to intervene and/or oppose
16 the non-party's subpoena or request if it chooses.  Nothing in this Order prevents a party who
17 receives a subpoena or request from a non-party from disclosing/producing the documents or
18 information that it designated as CONFIDENTIAL INFORMATION, HIGHLY
19 CONFIDENTIAL INFORMATION, or SOURCE CODE – HIGHLY CONFIDENTIAL
20 INFORMATION.
21 11.   **Return of confidential material at conclusion of action**
22     Within 60 days after final termination of this litigation, counsel for each of the Parties
23 shall return to the originating source, or certify in writing the destruction of, all Confidential
24 Information and all copies thereof; provided, however, outside counsel of record for each party
25 may retain one copy of each document or thing which such counsel deems necessary for use only
26 with respect to issues which might later arise in matters related to this litigation, provided such
27 counsel notify the opposing counsel of the Confidential Information which is retained and the
28 reason for such retention.

12. **Inadvertent or unintentional production of privileged material**

The inadvertent or unintentional production of information or documents which a party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, work product privilege, joint defense privilege, and/or settlement privilege ("Inadvertently Produced Privileged Material") will not be deemed to waive any privileges. Upon discovering disclosure of Inadvertently Produced Privileged Material, the party or non-party shall promptly request the return of any Inadvertently Produced Privileged Material. Prior to the receipt of such notice, disclosure to persons not authorized to receive such information shall not be deemed a violation of this Protective Order and shall not be deemed to be a waiver of any privilege held by the Producing Party. Upon receiving such request, the Receiving Party(ies) shall not use or disclose, and shall immediately cease any prior use of, such materials and shall promptly destroy all copies of the Inadvertently Produced Privileged Material. Within 14 calendar days of informing the Receiving Party of the inadvertent disclosure, the Producing Party shall identify the item or items of information on a privilege log and shall provide a replacement, redacted to obscure only the privileged or immune information, for any item that contains both privileged or immune and relevant non-privileged information. The return or destruction of any Inadvertently Produced Privileged Material shall not preclude the Receiving Party(ies) from moving the Court for an order compelling production of the Inadvertently Produced Privileged Material on a basis other than a waiver caused by the inadvertent or unintentional production. The Receiving Party may retain one copy of such document or thing for the sole purpose of challenging the Producing Party's claim of privilege.

# Order

This matter having come before the Court on the foregoing agreement of the parties, and the Court finding good cause, now, therefore,

IT IS SO ORDERED

_____September 2_____, 2015          _____
                                          United States Magistrate Judge

SO STIPULATED AND AGREED:

| September 1, 2015 | September 1, 2015 |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ *Michael E. Crawford* | /s/ *Steven A. Caloiaro* |
| Michael E. Crawford (*pro hac vice*) | Michael D. Rounds, Esq. |
| mec@nixonvan.com | Nevada Bar No.: 4734 |
| Alan Kagen (*pro hac vice*) | Steven A. Caloiaro, Esq. |
| amk@nixonvan.com | Nevada Bar No.:12344 |
| Robert A. Rowan (*pro hac vice*) | BROWNSTEIN HYATT FARBER |
| rar@nixonvan.com | SCHRECK, LLP |
| NIXON & VANDERHYE P.C. | 5371 Kietzke Lane |
| 901 North Glebe Rd. | Reno, NV 89511 |
| Arlington, VA 22203 | (775) 324-4100 |
| Telephone: 703-816-4000 | |
| Facsimile: 703-816-4100 | *Attorneys for Defendant/Counterclaimant CWT WORKTOOLS AB* |
| *Attorneys for Plaintiffs/Counterclaim Defendants ROLLSROLLER ENTERPRISE INC. and ROLLSROLLER AB* | |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ROLLSROLLER ENTERPRISE, INC., and ROLLSROLLER AB<br><br>              Plaintiffs<br>     v.<br><br>CWT WORKTOOLS AB<br>              Defendant | Case No. 2:14-cv-01921-JCM-CWH<br><br>**DECLARATION OF**<br>_____<br>**REGARDING CONFIDENTIALITY UNDERTAKING** |

    I, _____, declare as follows:

    1.  I have read and understand the Agreed Protective Order concerning confidential information that has been entered in *Rollsroller Enterprise, Inc. and Rollsroller AB v CWT Worktools AB*, No. 2:14-cv-1921, in the U.S. District Court for the District of Nevada.

    2.  I understand that I may be given access to confidential information, and in consideration of that access, I agree that I shall be bound by all the terms of the Agreed Protective Order.

    3.  I understand and agree that I am to retain all originals and copies of the confidential information in a secure manner and that all copies will be returned or destroyed within 60 days after termination of this action.

    4.  I understand and agree that I will not disclose or discuss confidential information with any persons other than counsel for any party and paralegal and clerical personnel assisting such counsel and other persons who have signed Confidentiality Undertakings.

    5.  I understand and agree that all confidential information shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose and that any use of confidential information, or any information obtained therefrom, in any manner contrary to the provisions of the Agreed Protective Order will subject me to the sanctions of the Court.

1
**Exhibit A to Agreed Protective Order**

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3        AGREED, this the _____ day of _____, 201____
4  Signature: _____
5  Company or Firm: _____
6  Position: _____
7  Firm or Company Address: _____
8                      _____
9                      _____

**Exhibit A to Agreed Protective Order**