Michael J. McCue
Nevada State Bar No. 6055
Jonathan W. Fountain
Nevada State Bar No. 10351
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
E-mail:mmccue@lrrc.com
E-mail:jfountain@lrrc.com

Robert A. Rowan (*pro hac vice*)
Alan Kagen (*pro hac vice*)
NIXON & VANDERHYE, P.C.
901 North Glebe Rd.
Arlington, Virginia 22203
Tel:  703.816.4000
E-mail: rar@nixonvan.com
E-mail: amk@nixonvan.com

*Attorneys for Plaintiffs*
*ROLLSROLLER ENTERPRISE INC.*
*and ROLLSROLLER AB*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROLLSROLLER ENTERPRISE, INC. and ROLLSROLLER AB,<br><br>Plaintiffs,<br><br>v.<br><br>CWT WORKTOOLS AB,<br><br>Defendant. | Case No. 2:14-CV-1921-JCM-(CWH)<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR EXTENSION OF REMAINING CASE MANAGEMENT DEADLINES**<br><br>**(Second Request)** |

Pursuant to the Court's permission given during the parties' May 3, 2016 settlement conference, and to address the fact that, to date, no claim construction hearing has been scheduled or claim construction order entered, Plaintiffs Rollsroller Enterprise, Inc. and Rollsroller AB (collectively, "Plaintiffs") hereby move the Court, with agreement of opposing counsel, to extend all presently scheduled deadlines in this case until after the Court has issued its claim construction ruling. The table below sets out the current remaining deadlines and the proposed new deadlines. This motion is being filed more than 21 days before the next currently scheduled deadline in this case. *See* LR IA 6-1, LR 26-4.

7717825_1

It is anticipated that the Court's claim construction ruling will heavily impact the parties' respective litigation and settlement positions.  The parties will require time to digest the Court's claim construction ruling, to consider their positions for the Post-Claim Construction Settlement Conference, and to determine how the claim construction ruling will govern the course of remaining discovery (including anticipated depositions in Sweden and third-party discovery).  The current schedule provides that "[f]act discovery shall close forty five (45) days after the entry of the Court's Claim Construction Order, but no later than June 22, 2016, unless extended by the Court" and that "[e]xpert discovery shall close one hundred-twenty (120) days after the entry of the Court's Claim Construction Order, but no later than September 8, 2016." ECF No. 27 at 2.  As it now stands, there are currently less than 45 days between now and June 22, 2016, and less than 120 days between now and September 8, 2016; and no claim construction hearing has been scheduled, nor any order entered.  Thus, it appears that the current schedule will not provide the parties with sufficient time to digest the claim construction ruling, to consider their options for the Post-Claim Construction Settlement Conference, and to determine how the claim construction ruling will determine the course of the parties' remaining discovery.

The parties' recognize that the Court prefers dates certain, as opposed to dates tied to the occurrence of certain events, as indicated by the quote below from the Court's July 30 Order denying, without prejudice, the parties' initial proposed scheduling order:

> The Court recognizes that special scheduling review may be appropriate in this case. The Court is concerned, however, that the proposed discovery plan does not include dates certain, particularly with respect to the discovery cut-off date, the deadlines related to the parties' contentions, the claim construction deadlines under Local Rules 16.1-13, 16.1-14, and 16.1-15, and the date for the pre-claim construction settlement conference under Local Rule 16.1-19(a).

ECF No. 24 at 1, ll. 14-18.

However, each of the deadlines that specifically concerned the Court have already passed except for the completion of discovery, and completion of discovery is directly affected by, and therefore must be tied to, the entry of the Court's claim construction order, which has not yet occurred.

///

7717825_1                        2

Accordingly, Plaintiffs propose, with Defendant's agreement, that the Court adopt the amended schedule presented in the table below.

| Event | Current Due Date | Proposed Due Date |
|---|---|---|
| Claim construction hearing and order (LPR 1-17) | Court's convenience | Court's convenience |
| Fact Discovery Cut-Off | • 45 days after the entry of the Court's Claim Construction Order<br>• But no later than June 22, 2016, unless extended by the Court | The later of 90 days after the entry of the Court's Claim Construction Order or October 14, 2016 |
| Opening expert reports on issues for which the serving party has the burden of proof | • 60 days after entry of claim construction order<br>• But no later than June 24, 2016 | The later of 90 days after the entry of the Court's Claim Construction Order or October 14, 2016 |
| Rebuttal expert reports on issues for which the other party has the burden of proof | • 30 days after service of opening expert reports<br>• But no later than July 26, 2016 | The later of 30 days after service of opening expert reports or November 16, 2016 |
| Interim Status Report (in compliance with Local Rule 26-3) | 60 days before the expert discovery cut-off | The later of 60 days before the expert discovery cut-off or October 16, 2016 |
| Expert Discovery Cut-Off/ Expert Discovery Completed | • 120 days after the entry of the Court's Claim Construction Order<br>• 30 days after service of rebuttal expert reports<br>• But no later than September 8, 2016 | The later of 30 days after service of rebuttal expert reports or December 16, 2016 |
| Dispositive Motions | • 30 days after the close of expert discovery<br>• But no later than September 26, 2016. | The later of 40 days after the close of expert discovery or January 27, 2017 |
| Joint Pretrial Order (including Disclosures and Objections pursuant to Fed. R. Civ. P. 26(a)(3)) | • October 25, 2016<br>• In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until December 15, 2016, or upon further Order by the Court extending the time period in | • 30 days after the deadline for filing dispositive motions, i.e., February 27, 2017<br>• In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until 80 days after the deadline for |

7717825_1

3

| Event | Current Due Date | Proposed Due Date |
|---|---|---|
| | which to file the Joint Pretrial Order | filing dispositive motions, or upon further Order by the Court extending the time period in which to file the Joint Pretrial Order |
| Post-Claim Construction Settlement Conference | Once the Claim Construction Order is entered, the parties will file a joint stipulation with three dates the parties are available. | Once the Claim Construction Order is entered, the parties will file a joint stipulation with three dates the parties are available. |
| Pre-Trial Settlement Conference | Once the Joint Pretrial Order is filed, the parties will file a joint stipulation with three dates the parties are available. | Once the Joint Pretrial Order is filed, the parties will file a joint stipulation with three dates the parties are available. |
| Motions *in Limine* | 30 days prior to trial<br><br>(The parties will address in the Pretrial Order whether there should be a limitation on the number of motions *in limine* filed by each party.) | 30 days prior to trial<br><br>(The parties will address in the Pretrial Order whether there should be a limitation on the number of motions *in limine* filed by each party.) |
| Oppositions to Motions *in Limine* | 14 days after the motions *in limine* are filed | 14 days after the motions *in limine* are filed |
| Replies in Support of Motions *in Limine* | Subject to Court approval | Subject to Court approval |
| Extension of Scheduled Deadlines | 21 days before the expiration of the subject deadline except for good cause shown | 21 days before the expiration of the subject deadline except for good cause shown |

Plaintiffs believe that the proposed new deadlines are necessary to accommodate an appropriate response to the Court's claim construction ruling. Plaintiffs propose slightly longer periods (1) between the claim construction ruling and the close of fact discovery and (2) between the claim construction ruling and opening expert reports to accommodate and potentially improve the parties' post-claim construction settlement discussions and to accommodate the parties' completion of discovery, including foreign and third party depositions, should those settlement discussions fail. For the foregoing reasons, Plaintiffs request the Court to modify the current case

schedule as identified above.  Plaintiff's counsel and Defendant's counsel have communicated in these regards and Defendant's counsel are in agreement that the currently pending deadlines need to be extended as requested.

Dated: this 19th day of May, 2016

Respectfully submitted,

By: /s/ Robert A. Rowan

Robert A. Rowan (*pro hac vice*)
Alan Kagen (*pro hac vice*)
NIXON & VANDERHYE, P.C.
901 N. Glebe Road
Arlington, Virginia 22203
Tel: 703.816.4000
E-mail:rar@nixonvan.com
E-mail:amk@nixonvan.com

Michael J. McCue
Nevada State Bar No. 6055
Jonathan W. Fountain
Nevada State Bar No. 10351
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169-5996
Tel: 702.949.8200
E-mail:mmccue@lrrc.com
E-mail:jfountain@lrrc.com

*Attorneys for Plaintiffs*
*ROLLSROLLER ENTERPRISE INC. and*
*ROLLSROLLER AB*

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 20, 2016